UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADAM CARVALHO,

                    Plaintiff,

          -vs-                          **No. 1:15-CV-00072(MAT)**
                                        **DECISION AND ORDER**
ASSOCIATED BRANDS, INC.,

                    Defendant.

---

## I.   Introduction

*Pro se* plaintiff Adam Carvalho ("plaintiff"), a former employee of defendant Associated Brands, Inc. ("defendant"), brings this action pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*, asserting claims of discrimination and retaliation. This case was originally assigned to District Judge Richard J. Arcara, who referred it to Magistrate Judge Michael J. Roemer for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised in defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Judge Roemer issued an R&R on May 13, 2016, in which he recommended that defendant's motion be granted in its entirety. See doc. 43. On May 31, 2016, plaintiff filed objections to the R&R. See doc. 44. For the reasons discussed below, the Court adopts the R&R and grants defendant's motion for summary judgment in its entirety.

## II.   The Report and Recommendation[1]

Defendant's motion for summary judgment argues that plaintiff has failed to come forward with any evidence of discrimination, hostile work environment, or retaliation. See doc. 32 (Memorandum of Law in Support of Summary Judgment Motion [doc. 28]). Judge Roemer's R&R recommends that defendant's motion be granted in its entirety. Specifically, Judge Roemer's R&R finds that plaintiff has failed to establish two claims of failure to promote, because the first (regarding a September 24, 2012 promotion) was untimely and because the second (regarding an August 2013 promotion) was supported by defendant's legitimate, nondiscriminatory reasons. See doc. 43 at 11-18. Second, the R&R finds that plaintiff has failed to come forward with credible evidence of discrimination surrounding defendant's alleged refusal to treat certain of plaintiff's absences as FMLA-qualifying and in denying him an interview for a promotional position. See id. at 18-21. Third, the R&R finds that plaintiff failed to establish a hostile work environment because the actions alleged were neither severe nor pervasive. See id. at 21-24. Finally, the R&R finds that plaintiff failed to establish a claim of retaliation because he failed to allege adverse employment action and failed to show that there was any causal relation between his protected activity and the alleged adverse actions. See id. at 24-27.

---

[1]   This Court refers to Judge Roemer's R&R, see doc. 43 at 2-9, for a thorough summary of the factual background of this matter.

Plaintiff's objections to the R&R consist of several disputes with various factual and legal findings of the R&R. Defendant's response to the objections contends that plaintiff's objections are alternately baseless or merely reiterate previous arguments that were considered by Judge Roemer in the R&R.

## III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor." Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex, 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007), quoting Fed. R. Civ. P. 56(c).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings . . .

liberally and interpret them to raise the strongest arguments that they suggest." <u>Corcoran</u>, 202 F.3d at 536. However, "proceeding *pro se* does not otherwise relieve [the plaintiff] from the usual requirements of summary judgment." <u>Fitzpatrick v. N.Y. Cornell Hosp.</u>, 2003 WL 102853, *5 (S.D.N.Y. Jan. 9, 2003).

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." <u>Zaretsky v. Maxi-Aids, Inc.</u>, 2012 WL 2345181, *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted). Even where a plaintiff proceeds *pro se*, objections to an R&R will be reviewed for clear error where they "merely reiterate[] [his] original arguments and state[] a general disagreement with the outcome of the R&R." <u>Freeman v. Dep't of Env. Prot.</u>, 2013 Wl 801684, *2 (E.D.N.Y. Mar. 5, 2013); see <u>Almonte v. N.Y.S. Div. of Parole</u>, 2006 WL 149049, *4-5 (N.D.N.Y. Jan. 18, 2006) (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement"). The district court is "permitted to adopt those sections of a magistrate judge's report

4

to which no specific objection is made, so long as those sections are not facially erroneous." Batista v. Walker, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995) (citation and internal quotation marks and brackets omitted).

Even on de novo review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" Brown v. Smith, 2012 WL 511581, *1 (E.D.N.Y. Feb. 15, 2012) (quoting Kennedy v. Adamo, 2006 WL 3704784, *1 (E.D.N.Y. Sept. 1, 2006)); see Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (noting that the Second Circuit has upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review of a magistrate judge's report and recommendation); Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has "no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.").

## IV.  Discussion

Plaintiff makes various objections to the factual findings of the R&R. The Court will consider each (as numbered by plaintiff in his objections) in turn. For the reasons that follow, the Court overrules plaintiff's objections, adopts the R&R in its entirety, and grants defendant's motion for summary judgment in its entirety.

(1) Plaintiff objects to the R&R's characterization of his claims as brought pursuant to the Americans with Disabilities Act of 1990, contending that he brings the action pursuant to the Act's Amendments of 2008. The Court clarifies, for plaintiff's understanding, that his action is brought pursuant to the ADA and any relevant amendments. Furthermore, the R&R followed the appropriate legal standards applicable to ADA discrimination claims. Accordingly, this objection is overruled.

(2)(a) Plaintiff objects to the R&R's finding that he separated from employment with defendant on December 23, 2013, after suffering a non-work related injury. As defendant points out, plaintiff failed to contest this fact at the summary judgment stage. See <u>Smith v. Hulihan</u>, 2012 WL 4928904, *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all."). Additionally, plaintiff's argument on this point actually confirms that his injury was non-work related, and therefore this objection is overruled.

(2)(b) Plaintiff objects to the R&R's finding that he separated employment with defendant on September 22, 2014, arguing that it occurred on December 23, 2013. This fact is not material to the claims raised in this case, and therefore this objection is overruled.

(3)(a) Plaintiff objects to the R&R's finding that defendant's leave policy treats FMLA leave as excused absences which do not

result in "points" under defendant's attendance policy, contending that he was assigned one "point" for exercising his rights under the FMLA. As defendant points out, however, plaintiff admitted at his deposition that this attendance point was later removed after he clarified with defendant that the absence was for an FMLA-related reason. Accordingly, plaintiff cannot now reverse his position on this factual issue, see Smith, 2012 WL 4928904, at *1, and this objection is overruled.

(3)(b); (7)(b) Plaintiff objects to the R&R's finding that defendant's attendance policy provided that an employee who accrued more than four attendance points was not available for promotion, arguing that defendant did promote some employees who had accrued this number of points. Plaintiff also objects to the R&R's finding that he failed to show differential treatment of similarly-situated non-disabled employees. The R&R, however, fully considered the exceptions to defendant's attendance policy, and correctly concluded that the reasons given for these exceptions were not pretextual. See doc. 43 at 14-15 (explaining that plaintiff failed to show pretext due to these exceptions, because defendant came forward with legitimate, non-discriminatory reasons why these exceptions were made, and defendant established that similarly-situated employees to plaintiff were treated similarly). Additionally, this objection relates to plaintiff's claim of failure to promote for a September 2012 promotion, which claim the

7

R&R found time-barred. Plaintiff did not object to the R&R's correct finding that this claim was time-barred. Plaintiff's objection is therefore overruled.

(4) Plaintiff objects to the R&R's finding that he was approved for FMLA leave on July 13, 2012. This fact is not material to the claims raised in this case, and therefore this objection is overruled.

(5)(a); (7)(d) Plaintiff objects to the R&R's finding that, following plaintiff's application for a promotion, defendant later determined that a position was not needed and elected not to fill the position. This finding is fully consistent with plaintiff's admission that the position was never filled, and this objection is therefore overruled. Plaintiff also objects (in objection no. (7)(d)) to the R&R's finding that defendant had a legitimate, nondiscriminatory reason for not promoting him in August 2013. However, as the R&R correctly found, defendant established that it did not promote *anyone* to the position because it determined the position was not needed, which constituted a legitimate, nondiscriminatory reason that plaintiff has failed to rebut with evidence of pretext. See doc. 43 at 17-18. Accordingly, these objections are overruled.

(5)(b) Plaintiff objects to the finding that coworkers Laurie Taylor, Dustin Kingdollar, and Amir Cleveland were "the only individuals that applied for their shifts." Doc. 44 at 6. This

objection relates to plaintiff's claim of failure to promote for a September 2012 promotion, which claim the R&R found time-barred; plaintiff has not objected to the finding that the claim is time-barred. Additionally, the R&R correctly reasoned that exceptions were made for promotions for these employees based on legitimate and nondiscriminatory reasons, and defendant proffered evidence that individuals similarly-situated to plaintiff were similarly treated. See Doc. 43 at 14-15. Accordingly, this objection is overruled.

(6)(a); (6)(c) Plaintiff objects to the R&R's finding that plaintiff was not informed of an interview for a promotion. These objections are overruled because the position was never in fact filled, and therefore plaintiff failed to establish that a position was available for purposes of his failure to promote claim.

(6)(b) Plaintiff objects to the R&R's finding that defendant's human resources ("HR") director "determined that plaintiff's absence on August 16, 2013 would be treated as excused and therefore would not result in attendance points." Doc. 44 at 7. This objection, to the extent it can be deciphered, relates to a fact that is immaterial to the legal disposition of plaintiff's claims. The objection is therefore overruled.

(7)(a) Plaintiff objects to the R&R's finding that he was not qualified for a promotional supply position job. This objection

relates to the failure to promote claim which the R&R correctly found time-barred, and therefore the objection is overruled.

(7)(c) This objection does not raise a challenge to any portion of the R&R and is therefore overruled.

## V.   Conclusion

For the reasons stated above as well as those set forth in the R&R, the Court hereby adopts the R&R (doc. 43) in its entirety. Defendant's motion for summary judgment (doc. 28) is granted in its entirety. Plaintiff's objections to the R&R (doc. 44) are overruled. The Clerk of the Court is directed to close this case.


ALL OF THE ABOVE IS SO ORDERED.

**S/Michael A. Telesca**

_____
        HON. MICHAEL A. TELESCA
        United States District Judge

Dated:     January 31, 2017
           Rochester, New York.